IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT BURKE, | § | |
| | § | |
| Defendant Below, | § | No. 217, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N1904017081 |
| | § | |
| Appellee. | § | |

Submitted: August 19, 2022
Decided:  August 30, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    On June 27, 2022, the appellant, Robert Burke, filed this appeal from a Superior Court order dated and docketed on May 17, 2022, that sentenced him for a violation of probation.  Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before June 16, 2022.

(2)    The Senior Court Clerk issued a notice directing Burke to show cause why the appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Burke states that he filed his notice of appeal late because a pandemic-related quarantine of his housing unit limited his access to the prison law

library; the business office denied three requests for the inmate account statement to support his *in forma pauperis* application; the prison mail system is slow and unreliable; and the prison imposes limitations on access to notarial services and to postage and envelopes from the prison commissary.

(3)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  A notice of appeal must be received by the Court within the applicable time period to be effective.[2]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3]  The failure to file a timely appeal in this case is not attributable to court-related personnel.[4]  Therefore, the appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[2] DEL. SUPR. CT. R. 10(a).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] *See Whiteman v. State*, 2021 WL 129945 (Del. Jan. 11, 2021) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that his efforts to file a notice of appeal were delayed because of prison restrictions related to the COVID-19 pandemic, "including imposition of a fourteen-day quarantine period following his transfer from the violation-of-probation center and limited access to the law library"); *Navarro v. State*, 2020 WL 1081731 (Del. Mar. 5, 2020) (stating, in response to appellant's argument that his appeal was untimely because the prison business office delayed providing him with his inmate account statement, that "[p]rison personnel, including employees of the business office, are not court-related personnel"); *Dejesus v. State*, 2016 WL 402466 (Del. Feb. 1, 2016) (holding that appellant's "difficulty acquiring the notice of appeal form from the prison law library and the postage required from the prison commissary" were not attributable to court-related personnel); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that he had to wait several weeks before gaining access to the prison law library).

We note that Burke indicated on the *in forma pauperis* application that he included with his untimely notice of appeal that the business office had denied three requests for an inmate account statement.  Burke could have included a similar representation with a timely notice of appeal.

2

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b),

that the appeal is DISMISSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice